```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


DARRELL BRUCE,                      )
                                    )
Plaintiff,                          )
                                    )
vs.                                 )   NO. 2:05-CV-330
                                    )
KEYBANK NATIONAL ASSOCIATION,       )
d/b/a CHAMPION MORTGAGE,            )
                                    )
Defendant.                          )
```

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Class Certification, filed on February 21, 2006. For the reasons set forth below, Plaintiff's motion is **GRANTED**. Accordingly, a class consisting of "all persons with addresses in Lake or Porter Counties, Indiana, to whom KeyBank sent or caused to be sent a solicitation in the same form represented by Exhibit A to the Amended Complaint, between August 29, 2003, and September 18, 2005, and did not receive credit in response thereto" is **CERTIFIED**.

BACKGROUND

Plaintiff, Darrell Bruce, allegedly received a pre-screened offer of credit in the mail from Defendant, KeyBank National Association, doing business as Champion Mortgage ("KeyBank"). According to Plaintiff, KeyBank chose to send this offer of credit to him and

numerous other persons after improperly accessing their credit report. Plaintiff contends KeyBank violated the Fair Credit Reporting Act ("FCRA") and is liable for statutory damages.

In the instant motion, Plaintiff seeks to certify a class consisting of "all persons with addresses in Lake or Porter Counties, Indiana, to whom KeyBank sent or caused to be sent a solicitation in the same form as was received by Plaintiff Darrell Bruce, between August 29, 2003, and September 18, 2005, and did not receive credit in response thereto."

DISCUSSION

The standards for class certification are well grounded and set forth in Rule 23 of the Federal Rules of Civil Procedure.  The Plaintiff must establish that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In addition, the Plaintiff must establish at least one prong of Rule 23(b).  Relevant here is the third prong, which provides that an action may be maintained as a class action if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is

superior to other available methods for the fair and efficient adjudication of the controversy." With these principles in mind, the Court can address the appropriateness of a class action in this case.

### Numerosity

As set forth above, Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Where the membership of a proposed class is at least forty, this Circuit has found joinder to be impracticable and the numerosity requirement to be met. *Swanson v. Am. Consumer Indus.*, 415 F.2d 1326, 1333 (7th Cir. 1969); *Matz v. Household Intern. Tax Reduction Inv. Plan*, 232 F.R.D. 593, 600 (N.D. Ill. 2005). Here, Plaintiff represents that the proposed class is composed of thousands of individuals. KeyBank does not dispute numerosity exists. Therefore, Plaintiff has satisfied this requirement.

### Commonality

Rule 23(a)(2) requires the Plaintiff to show that there are common questions of law or fact among the proposed class members. "Commonality generally exists when the defendant has engaged in 'standardized conduct' towards members of the proposed class." *Murray v. Sunrise Chevrolet, Inc.*, No. 04 C 7668, 2006 WL 862886 at *2 (N.D. Ill. March 30, 2006). One common question to the proposed class is whether KeyBank accessed their credit information without their

permission for the purpose of sending them a FCRA-violating letter. This is enough to satisfy the commonality prong. *Id.* Notably, while KeyBank argues that an individualized inquiry will be necessary to determine whether a FCRA violation existed, it makes that argument in the context of Rule 23(b)(3); it does not dispute commonality under Rule 23(a)(2).

### Typicality

Rule 23(a)(3) demands that the claims of the Plaintiff be typical of the claims of the class. A plaintiff's claim is typical of a proposed class if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). The proposed class has been subjected to the same practice as Plaintiff; that is, their credit was allegedly accessed without their authorization for the purpose of mailing a letter that was nothing more than a general solicitation for business. Again, Defendant does not object to a finding of typicality and the Court finds this requirement to be met.

### Adequacy of Representation

Rule 23(a)(4) requires that the Plaintiff will fairly and adequately protect the interest of the class. This determination has two facets. First, the plaintiff must not have interests antagonistic

to the class.  *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).  Second, Plaintiff's counsel must be qualified, experienced, and able to effectively conduct the litigation.  *Rogers v. Baxter Intern, Inc.*, No. 04 C 6476, 2006 WL 794734 at *5 (N.D. Ill. March 22, 2006)(citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n. 20 (1997)).  KeyBank takes no issue with the former issue, but does with the latter.

KeyBank contends that Plaintiff's counsel is not adequate to serve as class counsel.  KeyBank concedes that Plaintiff's counsel has substantial experience handling FCRA class actions; nevertheless, KeyBank asserts that Plaintiff's counsel is not adequate due to their past unethical conduct.  KeyBank points to two recent Seventh Circuit decisions in support of its argument.  First, in *Murray*, the court of appeals noted that the law firm of Edelman, Combs, Latturner & Goodwin, LLC proposed entering into an untenable settlement, wherein the named plaintiff's proposed payment was treble that of the allotted statutory damages, while each proposed class member would essentially be paid nothing.  *Murray v. GMAC Mortgage Co.*, 434 F.3d 948 (7th Cir. 2006).  Such a proposed settlement agreement made Judge Easterbrook opine, *in dicta*, that "it may well be that . . . Edelman, Combs, Latturner & Goodwin, LLC is not an appropriate counsel." *Id*. at 952.  Second, in *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832 (7th Cir. 2005), Edelman, Combs, Latturner & Goodwin, LLC, were sanctioned for sending a pre-litigation demand letter.

This Court duly notes the instances pointed out by KeyBank. Nevertheless, as pointed out in Exhibit B to Plaintiff's instant motion, Plaintiff's counsel, as KeyBank concedes, is experienced and well-qualified to handle this case.  Moreover, despite Plaintiff's counsel's blemished past, this Court has found no other written decision finding them to be inadequate based upon ethical grounds. In fact, the opposite is true.  Judges Manning, Hart and Lefkow, all of the Northern District of Illinois, have considered similar circumstances and found Plaintiff's counsel to nonetheless be adequate.  *See Murray v. Cingular Wireless II, LLC*, No. 05 C 1334, 2005 U.S. Dist. LEXIS 39542 (N.D. Ill. Dec. 22, 2005); *Chapman v. Worldwide Asset Mgmt, LLC*, No. 04 C 7625, 2005 U.S. Dist. LEXIS 18881 (N.D. Ill. Aug. 30, 2005); *Longo v. Law Offices of Gerald E. Moore & Assoc., P.C.*, No. 04 C 5759, slip op. at 10 (N.D. Ill. Mar. 30, 2006). Moreover, this Court's past experiences with Plaintiff's counsel in similar cases has given no indication that they would conduct themselves unethically or would otherwise be inadequate to handle this case.  This Court finds Plaintiff's counsel to be adequate under Rule 23(a)(4).

Rule 23(b)(3)

This rule requires Plaintiff to show that common questions of law or fact predominate over individual questions, and that a class action is superior to other methods for the fair and efficient adjudication

of the controversy.  *Amchem Prods*, 521 U.S. at 615.  KeyBank argues that Plaintiff cannot meet this burden for two reasons.  First, a class-action, KeyBank argues, is not a superior means of adjudication because KeyBank faces potential statutory damages of hundreds of millions of dollars.  Simply, this type of damages, without any proof of actual harm, is disproportionate to the alleged violations and offends the due process clause.  Second, individual questions predominate over common ones because whether KeyBank's offer was "firm offer of credit" and whether KeyBank willfully violated the FCRA are highly individualized inquiries.  As such, KeyBank asserts that each transaction must be examined.

To cut this analysis short, both of KeyBank's arguments have been foreclosed by the Seventh Circuit's opinion in *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006).  As to its first argument, concerning damages, the court in Murray was faced with a more compelling situation than presented here.  There, the proposed class of 1.2 million was seeking statutory damages, which could have led to potential liability in the billions of dollars for purely technical violations of FCRA.  Even in that situation, the court held that refusing to certify a class based upon the potential aggregate amount of statutory damages was inappropriate. *Id*. at 953.  The court noted that the amount of damages would be a result of legislative action, not any abuse of the class certification process.  The court went on and noted that should any award be constitutionally excessive, the

corrective measure would be to reduce it after the class was certified. *Id*. at 954. These principles ring true here as well.[1]

KeyBank's second argument fares no better. Again, relying heavily on *Murray*, the Court finds that common issues of law and fact predominate over individual issues. *Murray* has instructed courts in this circuit that the issue of whether a "firm offer of credit" has been made in situations such as this is a class issue. *Id*. at 955-56. Moreover, whether or not KeyBank acted willfully in violating the FCRA is a class issue as well. *See id.* at 952-53(noting that statutory damages require willful conduct and setting forth that class seeking statutory damages should be certified); *see also Kudlicki v. Farragut Financial Corp.*, No. 05 C 2459, 2006 WL 927281 at *2(N.D. Ill. Jan. 20, 2006)(finding defendant willfully failed to comply with FCRA on a class-wide basis).

CONCLUSION

For the reasons set forth above, this motion is **GRANTED**. Accordingly, a class consisting of "all persons with addresses in Lake or Porter Counties, Indiana, to whom KeyBank sent or caused to be sent

---

[1] In Plaintiff's amended complaint, Plaintiff sought to certify a class consisting of "all persons with an Indiana address to whom Defendant sent or caused to be sent material in the form represented by Exhibit A, on or after August 29, 2003 and before September 19, 2005, and who did not obtain credit in response to the material." In an effort to narrow the definition, Plaintiff now proposes that those Indiana residents be limited to those persons in Lake or Porter Counties in Indiana, which this Court finds to be appropriate at this time.

a solicitation in the same form as represented by Exhibit A to the Amended Complaint, between August 29, 2003 and September 18, 2005, and did not receive credit in response thereto" is **CERTIFIED**.

**DATED:  August 7, 2006**               /s/RUDY LOZANO, Judge
                                         **United States District Court**